Merrimack,  
April 7, 1903.

## BLODGETT *v.* JOHNSON.

A contract whereby the lessee of a sawmill sells its future product is terminated by the destruction of the mill by fire; and a provision for the renewal of such contract does not give the vendee a right to the output of a mill subsequently constructed by the vendor as owner, upon the site of the old one.

ASSUMPSIT. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1902, of the superior court by *Wallace*, C. J.

The plaintiff contended that he had seasonably renewed the contract described in the opinion, and claimed damages for a breach thereof because the defendant refused to deliver to him the output of the Johnson mill. The defendant's motion that a verdict be directed in his favor was denied, subject to exception. The question whether the plaintiff seasonably exercised the right of renewal was submitted to the jury, with an instruction that after the fire the plaintiff had the right to renew his contract; and to this instruction the defendant excepted.

*Albin & Shurtleff*, for the plaintiff.

*Burleigh & Adams* and *Mitchell & Foster*, for the defendant.

REMICK, J. The defendant sold the plaintiff all the merchantable slabs and edgings to be produced at the Hall mill in Lincoln, N. H., for the space of one year, and the plaintiff was to have the right to renew the contract for the length of time the defendant should run the mill. The contract was entered into November 2, 1898. The plaintiff had the output of the mill for the first season, and the mill was destroyed by fire May 10, 1899. In the summer and fall of 1899, the defendant built a new mill on substantially the same site as the old one. The plaintiff claims that he is entitled, under the renewal clause in the agreement, to the slabs and edgings produced at the new mill. The defendant contends that the destruction of the Hall mill by fire terminated the existence of the contract.

The contract contained no stipulation on the part of the defendant to rebuild the mill in case it was destroyed by fire; and it is conceded that if the defendant had not rebuilt, the contract, as to future product, would have been dead to all intents and purposes. So far as the plaintiff was concerned, the defendant was not only at liberty to rebuild or not as he saw fit, but he was at

liberty to build a shoe shop, or any other kind of manufactory, in place of the sawmill. And whatever he built, he was at liberty to encumber it and its entire product in order to provide for its construction. It is impossible to reconcile the plaintiff's contention with these unquestionable propositions. Attempt to do so would lead to the illogical conclusion that the defendant was free and bound at the same time.

Moreover, the stipulation was for product of the Hall mill— a mill then owned by the Lincoln Lumber Company and leased by the defendant. The new mill was built and owned by the defendant, and called the Johnson mill. The capacity of the Johnson mill was almost twice the capacity of the Hall mill. Before building it, the defendant purchased the land upon which to build it, made contracts with other parties to supply the mill, and received $6,000 from one Stebbins to aid him in building, upon an agreement with Stebbins that he should have six per cent for the use of the money and should be the selling agent of the mill, receiving five per cent commission therefor. It cannot be reasonably said that the parties intended the stipulation for product of the Hall mill to apply to such new and changed conditions.

The exception to the instruction is sustained, and the result is that there should be judgment for the defendant for fifteen dollars.

*Case discharged.*

CHASE, J., was not present at the argument and took no part in the decision : the others concurred.